## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

J.C. RAMSEY, JR.                                                        PLAINTIFF

v.                                              CIVIL ACTION NO. 3:13-cv-861-KS-MTP

MERRIAL LEE, ET AL.                                                    DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment [21], Plaintiff's *ore tenus* motion to dismiss, and *sua sponte* for case management purposes and evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim. Having conducted a hearing and having considered the record and applicable law, the undersigned recommends that (1) Plaintiff's *ore tenus* motion to dismiss be granted and Defendant Merrial Lee be dismissed without prejudice , (2) Defendant Robert Taylor be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), (3) Plaintiff's Motion for Default Judgment [21] be denied, and (4) this case be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

### Background

This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at the Issaquena County Correctional Facility. Plaintiff is currently incarcerated at the Alcorn County Regional Correctional Facility. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears*[1] hearing.

---

[1] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Plaintiff claims that on June 24, 2013, he and other inmates were moved from "A-Zone" to the "county side" of Issaquena County Correctional Facility so that A-Zone could undergo painting and maintenance. On July 2, 2013, prison officials began moving inmates back to A-Zone. Plaintiff alleges that as he was walking to a waiting cell, he dropped a reading book which had been tied up in a bed sheet, and Merrial Lee would not allow him to retrieve the book. After Plaintiff entered the waiting cell, Lee and Lorretta Robinson allegedly searched Plaintiff's bed sheet and confiscated two legal books, potions of his trial transcript, seven pages of a brief he was preparing in a civil rights action against prison officials, and a book of stamps.[2] Plaintiff alleges that Lee and Robinson also confiscated other inmates' property, including books. According to Plaintiff, his property was not returned.

Thereafter, Robinson escorted Plaintiff to A-Zone. Plaintiff alleges that he told Robinson that it was wrong to confiscate his legal materials, and Robinson replied "that's what you get around here for trying to write these officers up; that's why you're never getting out of prison." According to Plaintiff, Robinson's actions were in response to a grievance filed by Plaintiff. Plaintiff alleges that the grievance concerned the fact that prison officials found him guilty of a rule violation and determined that his punishment should be a reduction of ninety days of earned time credit. According to Plaintiff, prison officials could not take earned time from him because he was given a mandatory sentence and is not eligible to earn time credit.

Plaintiff alleges that as a result of Defendants' actions, he lost an appeal of his underlying felony conviction and became "stressed out" as a result of Defendants' actions. Plaintiff seeks

---

[2] According to Plaintiff, the legal books cost $435.95, his trial transcript costs $482.40, and the book of stamps costs $9.20. However, Plaintiff admits that the State of Mississippi provided the trial transcript.

$50,000 in compensatory damages and $50,000 in punitive damages.

### Defendant Merrial Lee

In his Complaint [1], Plaintiff asserted claims against Merrial Lee regarding the confiscation of his property.  During the *Spears* hearing, however, Plaintiff stated that he no longer wishes to pursue his claims against Defendant Lee.  Accordingly, the undersigned recommends that Defendant Merrial Lee be dismissed without prejudice.

### Defendant Robert Taylor

In his Complaint [1], Plaintiff named Robert Taylor as a defendant.  The United States Marshals Service, however, was unable to serve Robert Taylor because he is no longer employed at the Issaquena County Regional correctional Facility. *See* Return [14].  Therefore, the Court directed Plaintiff to provide an address where Defendant Taylor may by served with process on of before February 10, 2015. *See* Order [28].  The Court warned Plaintiff that if he did not provide such an address, Defendant Taylor may be dismissed from this action. *Id*.  To date, Plaintiff has not provided an address where Defendant Taylor may by served with process. Accordingly, the undersigned recommends that Defendant Robert Taylor be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

### Defendant Lorretta Robinson

On November 7, 2013, Plaintiff filed his Complaint [1] asserting claims against Defendant Robinson.  On November 18, 2013, the Court directed the Clerk of Court to issue process and the United States Marshal to serve process on Defendant Robinson. *See* Order [7]. On November 27, 2013, the summons for Defendant Robinson was returned executed, indicating that on November 25, 2013, the Marshals service personally served Defendant Robinson. *See*

3

Return [13].

Defendant Robinson did not make an appearance in this case.  On March 6, 2014, the Clerk of Court entered a default against Defendant Robinson. *See* Entry [19].  On May 30, 2014, Plaintiff filed a Motion [21] seeking a default judgment against Defendant Robinson.[3]  On February 10, 2015, the Court conducted a hearing during which the Court screened Plaintiff's claims and considered Plaintiff's Motion [21].

*Standard of Review*

A default judgment may be granted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55.  A default judgment, however, may not be granted against a defendant if the defendant did not receive proper service of process. *See Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).  Additionally, a party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  When considering a motion for default judgment, the Court may conduct a hearing or accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter. Fed. R. Civ. P. 55 (b).

Default judgments are disfavored, and the Court should consider factors such as "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith

---

[3] In the Motion [21], Plaintiff actually sought default judgments against both Robinson and Lee.  As previously mentioned, however, Plaintiff no longer wishes to pursue his claims against Defendant Lee.  Thus, the undersigned will only considered  Plaintiff's Motion [21] as it relates to Defendant Robinson.

mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obligated to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886 893 (5th Cir. 1998). "The entry of default operates as the defendant's admission of the plaintiff's well-pleaded allegations of fact." *Buckley v. Epps*, 2012 WL 777327, at *1 March 7, 2012) (citing *Ohio Central R.R. Co. v. Central Trust Co. of N.Y.*, 133 U.S. 83 (1889)). However, there must be a sufficient factual basis to support a default judgment. *Id.* "The defendant is not held to admit facts that are not well-pled. A default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover" *Id.* (citing *Nishimatsu Const. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In addition to considering whether default judgment should be granted, the undersigned will screen Plaintiff's claims to determine whether they should be dismissed pursuant to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(e)(2). This act applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

<u>*Personal Property*</u>

To the extent Plaintiff complains of the loss of personal property, the claim has no merit. Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir.

5

1995) (citations omitted); *see also Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).  The *Parratt/Hudson* doctrine applies when: "(1) the deprivation was unpredictable or unforeseeable; (2) predeprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority." *Smith v. Epps*, 326 Fed. App'x. 764, 765 (5th Cir. 2009).  This doctrine applies whether the random unauthorized deprivations of property were negligent or intentional. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson*, 468 U.S. at 533.  However, "[c]onduct is not considered 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quoting *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)).

It is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Daniels*, 474 U.S. at 328; *Hudson*, 468 U.S. at 533.  The Fifth Circuit has upheld the dismissal of prisoners' suits for property deprivation because of the availability of state law remedies. *See, e.g., Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides a remedy for the deprivation of Plaintiff's property. *See Johnson v. King*, 85 So. 3d 307 (Miss. App. 2012) (finding confiscation of inmate's drinking mug to violate the Takings Clause of the state constitution); *see also Lester v. Lee*, 2014 WL 2505666, at *2 (N.D. Miss. June 3, 2014) (finding that a plaintiff's remedy for the taking of property arises from

Mississippi's Constitution and, therefore, is not foreclosed by the Mississippi Tort Claims Act's prohibition of inmates' claims against governmental entities and their employees acting within the course and scope of their employment); *Montgomery v. Palmer*, 2013 WL 5423910, at *4 (N.D. Miss. Sept. 26, 2013).

Plaintiff has not alleged that the property deprivation was made in accordance with any policy, practice, or custom or was in any other way "authorized." *Smith*, 326 Fed. App'x. at 765. Plaintiff's remedy for the alleged property deprivation lies not in a Section 1983 action, but in a claim under state law. Accordingly, Plaintiff's Motion for Default Judgment [21] should be denied as to Plaintiff's claim for deprivation of property. Additionally, this claim should be dismissed pursuant to Section 1915(e)(2)(B)(ii).

## *Legal Property*

As previously mentioned, Plaintiff alleges that Defendant Robinson confiscated certain legal property, including two legal books, potions of his trial transcript, and seven pages of a brief. Plaintiff has a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right protects an inmate's access to legal materials. *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir. 1986). The right of access to courts, however, extends only to nonfrivolous claims challenging a conviction, sentence, or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

An actual injury must be shown to set out a violation of an inmate's right of access to courts. *Ruiz v. U.S.*, 160 F.3d 273, 275 (5th Cir. 1998) ("A denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation."). Plaintiff must

show a real detriment, such as the loss of a motion or the loss of a right to commence, prosecute, or appeal in a court. *See Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 1970).

Plaintiff stated that he lost an appeal of his underlying felony conviction as a result of the confiscation of his property. At the hearing, Plaintiff presented a letter from the Fifth Circuit dated June 28, 2013, to support his claim. The letter reveals that Plaintiff's "appeal" was actually a request to file a second or successive 28 U.S.C. § 2254 habeas petition. *See* Letter [30-1]. The letter explains to Plaintiff that:

> If you wish to file a second or successive § 2254 petition in the district court, you must make a prima facie showing that you satisfy either of the two conditions found in 28 U.S.C. § 2244(b)(2).
>
>> (A) that your claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable; **or**,
>>
>> (B) the factual predicate for your claim could not have been discovered previously through the exercise of due diligence, **and** the facts underlying your claim, if proven by clear and convincing evidence, would be sufficient to establish that, but for constitutional error, a reasonable trier of fact would not have found you guilty of the underlying offense.

*Id*.

The letter directs Plaintiff to submit certain documents, including his proposed habeas petition, his previous habeas petitions, any complaints that were treated as habeas petitions, and all opinions, orders, and reports disposing of claims advanced in his previous habeas petitions. *Id*. The letter also states the if he is unable to submit the documents, he may describe the steps he took to obtain them and explain why he was unsuccessful. *Id*.

The letter demonstrates that Plaintiff did not suffer a real detriment. First, Plaintiff did not explain how the confiscation of two legal books, portions of his trial transcript, and seven pages of a unrelated brief prevented him from complying with the Fifth Circuit's requests.

Second, Plaintiff did not lose the right to commence, prosecute, or appeal in any court. Nothing in the letter indicates that Plaintiff has lost the opportunity to file a successive Section 2254 habeas petition. Third, Plaintiff did not allege any facts which indicate that he is able to satisfy either of the two conditions found in 28 U.S.C. § 2244(b)(2).

Plaintiff's conclusory allegation that the confiscation of his property denied him access to the courts is insufficient to state a constitutional claim under Section 1983. *See McIntosh v. Thompson*, 463 Fed. App'x. 259, 261 (5th Cir. 2012). Plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Thus, Plaintiff's Motion for Default Judgment [21] should be denied as to Plaintiff's claim of denial of access to the courts. Additionally, this claim should be dismissed pursuant to Section 1915(e)(2)(B)(ii).

*Retaliation*

According to Plaintiff, Robinson's actions were in retaliation for Plaintiff filing a grievance based on prison officials deducting ninety days of earned time credit from him after he was found guilty of a rule violation. Plaintiff asserts that prison officials could not deduct earned time from him because he was given a mandatory sentence and is not eligible to earn time credit.[4]

Filing a grievance is a constitutionally protected activity, and a prison official may not retaliate against an inmate for engaging in such protected activity. *Woods v. Smith*, 60 F.3d 1161,

---

[4] At the hearing, Plaintiff submitted an administrative remedy response form in support of his claim for retaliation. The form, however, does not concern his underlying grievance relating to earned time credit. The form establishes that officials denied his grievance relating to the confiscation of his property because the officers involved stated that no legal materials were confiscated. *See* Form [30-2].

1164 (5th Cir. 1995).  The constitutional protection, however, is limited to the filing of non-frivolous grievances involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).

In order to assert a retaliation claim, an inmate must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McFaul v. Valenzuela*, 684 F.3d 564, 578 (5th Cir. 2012).  "A prison who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusory allegations or his own personal beliefs." *Williams v. Dretke*, 306 Fed. App'x 164, 167 (5th Cir. 2009).  "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods*, 60 F.3d at 1166.  Federal courts are not qualified to second-guess every decision made by prison officials in the exercise of their professional judgment. *Bell v. Wolfish*, 468 U.S. 520, 546-47 (1979).

Plaintiff's grievance, which serves as the basis of his retaliation claim, concern earned time credit.  The Mississippi Code Section 47-5-138 provides for normal earned-time allowances, Mississippi Code Section 47-5-138.1 provides for trusty earned time, and Mississippi Code Section 47-5-142 provides for meritorious earned time.  Earned time can affect the timing of an inmate's eligibility for early release.

Plaintiff does not allege the he earned any time towards early release.  In fact, Plaintiff alleges that he is not eligible for early release.  Plaintiff's underlying grievance was based on the fact that prison officials sought to punish him by deducting earned time that he never earned.  Plaintiff had no earned time to reduce.  Accordingly, Plaintiff suffered no punishment as a result

10

of his rule violation and therefore suffered no constitutional deprivation.  Plaintiff's allegations

demonstrate that his underlying grievance does not implicate his constitutional rights.  Plaintiff

has failed to allege that he was retaliated against for the filing of a non-frivolous grievance.

Thus, Plaintiff has failed to allege a viable claim of retaliation. *Johnson*, 110 F.3d at 311; *Brown*

*v. Craven*, 106 Fed. App'x. 257 (5th Cir. 2004).  Plaintiff's Motion for Default Judgment [21]

should be denied as to Plaintiff's claim of retaliation, and this claim should be dismissed

pursuant to Section 1915(e)(2)(B)(ii).

## RECOMMENDATION

As set forth above, the undersigned recommends that:

1.      Plaintiff's *ore tenus* motion to dismiss be GRANTED and Defendant Merrial Lee
        be DISMISSED without prejudice ,

2.      Defendant Robert Taylor be DISMISSED without prejudice pursuant to Fed. R.
        Civ. P. 4(m),

3.      Plaintiff's Motion for Default Judgment [21] be DENIED, and

4.      this case be DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of February, 2015.

s/ Michael T. Parker
United States Magistrate Judge