IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J. C. RAMSEY, JR.

VS.                                              CIVIL ACTION NO.  3:13cv861 KS-MTP

MARRIAL LEE, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Plaintiff's Motion for Default Judgment [21], Plaintiff's

Ore Tenus Motion to Dismiss and *sua sponte* for case management purposes and evaluating

whether Plaintiff's claims should be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to

state a claim,  the  Report and Recommendation of Magistrate Judge Michael T. Parker [32], and

the Objections to the Report and Recommendation [33] and [37], and the Court after considering

the above, and the record in this case does hereby find as follows:

I.  PROCEDURAL HISTORY

This lawsuit arises from events which took place while Plaintiff was a post-conviction

inmate at the Issaquena County Correctional Facility.  Plaintiff's claims and relief sought were

clarified and amended by his sworn testimony at the *Spears*[1] hearing.

Plaintiff claims that on June 24, 2013, he and other inmates were moved from "A-Zone"

_____

[1]*See Flores v. Livingston*, 405 Fed.App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828
F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims
alleged in the complaint.

1

to the "county side" of Issaquena County Correctional facility so that A-Zone could undergo painting and maintenance.  On July 2, 2013, prison officials began moving inmates back to A-Zone.  Plaintiff alleges that as he was walking to a waiting cell, he dropped a reading book which had been tied up in a bed sheet, and Merrial Lee would not allow him to retrieve the book.  After Plaintiff entered the waiting cell, Lee and Lorretta Robinson allegedly searched Plaintiff's bed sheet and confiscated two legal books, portions of his trial transcript, seven pages of a brief he was preparing in a civil rights action against prison officials, and a book of stamps.[2]  Plaintiff alleges that Lee and Robinson also confiscated other inmates' property, including books.  According to Plaintiff, his property was not returned.

Thereafter, Robinson escorted Plaintiff to A-Zone.  Plaintiff alleges that he told Robinson that it was wrong to confiscate his legal materials, and Robinson replied "that's what you get around here for trying to write these officers up; that's why you're never getting out of prison."  According to Plaintiff, Robinson's actions were in response to a grievance filed by Plaintiff.  Plaintiff alleges that the grievance concerned the fact that prison officials found him guilty of a rule violation and determined that his punishment should be a reduction of ninety days of earned time credit.  According to Plaintiff, prison officials could not take earned time from him because he was given a mandatory sentence and is not eligible to earn time credit.

Plaintiff alleges that as a result of Defendants' actions, he lost an appeal of his underlying felony conviction and became "stressed out" as a result of Defendant's actions.  Plaintiff seeks $50,000 in compensatory damages and $50,000 in punitive damages.

---

[2]According to Plaintiff, the legal books cost $435.95, his trial transcript costs $482.40, and the book of stamps costs $9.20.  However, Plaintiff admits the State of Mississippi provided the trial transcript.

2

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner files no objection to the voluntary dismissal of Defendant Merrial Lee or of the Defendant Robert Taylor pursuant to Fed.R.Civ.P. 4(m).  Therefore, Defendants Merrial Lee and Robert Taylor should be dismissed without prejudice.

Plaintiff does object to the dismissal of Lorretta Robinson and his objections are as follows:

Plaintiff's first objection deals with his claim that there is a genuine issue of material fact as to the issue of deprivation of property.  As stated above, Plaintiff claims that Ms. Robinson took two legal books and a portion of a brief from him and that she did this purposely or intentionally.  He states that this was an illegal confiscation.  In the Report and Recommendation

Judge Parker addresses the issue of the default judgment requested by Plaintiff against Ms. Robinson.  A default judgment is not automatic even where the defendant is technically in default as Ms. Robinson is.  The Court may conduct a hearing and investigate the matter as Judge Parker did.  The Report and Recommendation found that the Plaintiff's claim should be dismissed pursuant to the Prison Litigation Reform Act,  28 U.S.C. §1915(e)(2), for the reason that the Court found that the action was frivolous, and failed to state a claim on which relief may be granted.

As to the personal property, Judge Parker found that when there is an adequate state tort remedy available, then an intentional deprivation of property claim will not lie.  Mississippi provides a remedy for deprivation of plaintiffs' property.  Also, even though the taking was intentional, it is not a due process violation.

Plaintiff continues with his objections and states that the taking of his legal papers was a denial of access to the courts.  In the Report and Recommendation there was discussion of a letter from the Fifth Circuit that was presented in court by the Plaintiff.  The letter indicated that the proceeding that Plaintiff was moving forward with was a motion to file a second or successive 2254 habeas petition.  Plaintiff does not address the validity of his habeas petition or how he would get around the requirements for filing a second or successive petition.  He can demonstrate no loss or denial of access to the courts by the alleged actions of the remaining defendant.  His claims are conclusory and without basis in fact.

Plaintiff also objects because he claims the actions of Defendant Robinson were intentional and that they were in retaliation for his filing grievances.  While Plaintiff has a Constitutionally protected right to file a grievance without fear of retaliation, the protection is

4

limited to filing nonfrivolous grievances involving the assertion of legitimate Constitutional rights.  Plaintiff does not address this portion of the Report and Recommendation.  He claims that he had good time taken away from him, but also states that he had a day-for-day sentence and good time loss would not affect his sentence anyway.  Therefore, he had no loss and the claim is frivolous.

The Court finds that the objections by the Plaintiff lack merit and should be rejected.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Ramsey's objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that J.C. Ramsey, Jr.'s claim is **dismissed with prejudice**.

SO ORDERED this, the 31st day of March, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE